TRULINCS 73323004 - PLATTEN, DONALD - Unit: FTD-V-A

---

FROM: 73323004
TO:
SUBJECT:
DATE: 04/05/2020 10:58:21 PM

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

Case No.: 08-80148-cr-MMB



FILED BY PCS D.C.
APR 09 2020
ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S.D. OF FLA. - W.P.B.

Donald Platten,
    petitioner,

versus

United States of America,
    respondent.
_____/

EMERGENCY MOTION FOR RELEASE PURSUANT TO THE ENACTMENT OF THE CARES ACT AND COMPASSIONATE RELEASE PROVISIONS AS AMENDED BY THE FRST STEP ACT

    Donald Platten requests this court to grant him emergency release from the custody of the Bureau of Prisons (BOP), to home confinement based on the enactment of the CARES ACT AND COMPASSIONATE RELEASE BY THE FIRST STEP ACT and his concerns of contracting the COVID-19 virus.

    Mr. Platten, a 69 year old inmate believes that his immediate health is threatened, and the welfare of his safety is in question due to growing concerns over the COVID-19 pandemic, his health condition along with the overcrowding at Fort Dix Camp, the open style dorm living quarters, and Mr. Platten's inability to practice social distancing due to the limited and confined space between inmate beds (36" to 42").

    On March 24, 2020, Mr. Platten submitted a cop out to prison officials requesting home confinement pursuant to Program Statement (PS) 1330.18 that states: "if the request is determined to be of an emergency nature which threatens the inmate's health or welfare, the Warden or an agent shall respond no later than the third calendar day after filing." sect. 542.18.

    Because the warden or the agent (case manager) has failed to respond to Mr. Platten's cop out in a timely manner, Mr. Platten presumes his request is denied. "At any level of the administrative process, and within the allotted time for reply, the inmate may consider the absence of a response to be a denial at that level. see PS sect. 115.52(d)(4); United States v. Brannan, No. 4:15-cr-80-01 (SD Tx. Apr. 2, 2020)(emergency motion was granted on same day of filing for prisoner who had served only 9 months of 36 month sentence for fraud and had not exhausted BOP remedies).

    Mr. Platten has had ongoing medical issues which substantially increases his risk of severe illness if he contracts COVID-19 pandemic. Mr. Platten has been diagnosis with:

2012 prostate cancer, cyber knife surgery in Huntington Beach Hospital, in Huntington, California;
2016 Mr. Platten had heart surgery with 3 stents in Leesburg Hospital, Florida;
2015 surgery for blockage of the urethra in Leesburg Hospital, Florida
2016 surgery for blockage of the urethra in Leesburg Hospital, Florida
2017 surgery for blockage of the urethra in Leesburg Hospital, Florida
2018 surgery for blockage of the urethra in Johnson Wood Hospital, New Jersey
2018 prostate cancer returns and has spread to his Hip Bone and is being treated with Lupron
2019 surgery for to unblock canal that was unsuccessful and Mr. Platten is currently has a super pubic catheter for the removal of urine from the bladder. The doctors tell him this will be a life long condition. Mr. Platten is currently taking the following Medications:

Sulfame moxazole/trimeth 800 mg;
Tamsulosin HCl .04 mg;
Omperzole 20 mg;

TRULINCS 73323004 - PLATTEN, DONALD - Unit: FTD-V-A

----------------------------------------------------------------------------------------

Bisacodyl EC 5 mg;
Finasteride 5 mg;
Asprin 81 mg;
Atorvastain 20 mg;
AmLodipin 10 mg;
Metoprolol Tartrate 25 mg;
Hydro Chlorothiazide 12.5 mg.

See United States v. Colvin, No. 3:19-cr-179 (JBA), 2020 WL 1613943 (D.Conn. Apr. 2, 2020)("she has diabetes, a serious medical condition, which substantially increases her risk of severe illness is she contracts COVID-19. Defendant is unable to provide self-care within the environment of FDC Philadelphia in light of the ongoing and growing COVID-19 pandemic because she is unable to practice effective social distancing and hygiene to minimize her risk to exposure....the Court concludes that the risk faced by defendant will be minimized by her immediate release to home, where she will quarantine herself.").

On March 26, 2020, Attorney General William Barr directed the BOP to increase the amount of home confinement based on the enactment of the CARES act that allows the BOP to increase the amount of home confinement an inmate maybe eligible to receive. "The BOP is to utilize home confinement to protect the health, welfare and safety of BOP personnel and those inmates that are: at-risk of contracting the virus, who are non-violent, who pose minimal likelihood of recidivism, and who might be safer serving their sentences in home confinement rather than at a BOP facility due to ongoing COVID-19 pandemic."

In assessing which inmates should be granted home confinement the BOP is to consider the totality of circumstances of each individual inmate:

(1) the age and vulnerability of the inmate to COVID-19;

(2) the security level of the facility currently holding the inmate;

(3) the inmate's conduct while incarcerated, and who has not received a BOP violation within the last year;

(4) the inmate has a verifiable reentry plan that will prevent recidivism, maximize public safety, and upon release would present a lower risk of contracting the virus then if the inmate would face if the inmate remained in a BOP facility; and

(5) the inmate's crime of conviction, and the danger posed by releasing the inmate to the community.

Mr. Platten believes that he meets these qualifications. Mr. Platten has been incarcerated for the past 10 plus years and received one incident report in that time. It was in 2015 for protecting himself against another inmates who attack Mr. Platten with a weapon. This is well documented in Mr. Platten file. Mr. Platten was the head orderly in the veterans unit for 4 years while serving his sentence at Coleman Low. He is considered by both staff and inmate to be a model inmate and is well like by both.

If this court grants Mr. Platten's emergency motion, he will be living with his wife and 12 year old son in Boca Raton, Florida, where he was living prior to coming to prison. See United States v. Foster, No. 1:14-cr-324-02 (MD Pa. Apr. 3, 2020) ("the circumstances faced by our prison system during this highly contagious, potentially fatal global pandemic re unprecedented. It is no stretch to call this environment 'extraordinary and compelling' and we believe that should we not reduce defendant's sentence, defendant has a high likelihood of contracting COVID-19 form which he would "not be expected to recover." USSG sect 1B1.13. No rationale is more compelling or extraordinary/"); United States v. Resnik, No. 1:12-cr-00152-CM (SDNY Apr. 2, 2020)("Releasing a prisoner who is for all practical purposes deserving of compassionate release during normal times is all but mandated in the age of COVID-19."); United States v. Williams, No. 3:04-cr-95 (MCR)(ND Fla. Apr. 1, 2020)("Williams health conditions taken with his age put him at significant risk for even more severe and life threatening illness should he be exposed to COVID-19 while incarcerated...based on these facts, the Court finds that Williams' deterioration in physical health is sufficiently serious to satisfy the medical crieria for a reduction in sentence.").

On April 3, 2020, AG Barr released a second memorandum directing the BOP to immediately identify where COVID-19 is materially affecting operations and to immediately process inmates, following a 14 day quarantine, to home confinement. the AG also recognized that the BOP has limited resources to monitor all inmates' released and that the US Probation Department is unable to monitor a large number of inmates in the community. Therefore, the BOP should still transfer inmates to home confinement even if electronic monitoring is not available, so long as the BOP determines that by doing so is appropriate and consistent with their obligations to protect public safety.

TRULINCS 73323004 - PLATTEN, DONALD - Unit: FTD-V-A

---

Therefore, since the BOP has not acted in a timely manner to Mr. Platten's request for immediate home confinement. Mr. Platten request this court to intervene on his behalf and issue an order releasing him to Supervise home confinement due to his potential risk of contracting the virus, his unlikelihood to recover if contracted which could turn into a Death Sentence, warrants this court's intervention to release him to home confinement, and such other relief as this court deems appropriate or fair.

Respectfully submitted on this 7th day of April, 2020, by:

Donald Platten   #73323-004
FCI Fort Dix Satellite Camp
P.O. Box 2000
Joint Base MDL, NJ 08640

Certificate of Service

I hereby certify that copy of this motion has been sent to the United States Attorney's Office at the same time as filed in this court.

Sumitted on this 7th day of April, 2020.

Donald Platten



U.S. Department of Justice
Federal Bureau of Prisons
Federal Correctional Institution
P.O. Box 38
JBMDL, New Jersey 08640

---

April 3, 2020

MEMORANDUM FOR INMATE POPULATION

FROM:      LCDR Ronell Copeland, RN, QI/ICN

SUBJECT:   Notice to Camp Offenders

Please be advised, the Camp has been placed on quarantine following a Camper's placement in isolation for further evaluation of medical complaints. Although it is unlikely that this inmate is positive for COVID-19, precautions are being taken to ensure the safety of all staff and the offender population.

Consequently, the Camp will remain on quarantine through April 14, 2020 or until the suspected case is determined to be negative for COVID-19. All infection prevention and control measures will be observed by staff. All meals will be made available in the usual fashion. Pill-line, sick call and all patient care will be rendered by health care staff outfitted with the proper PPE in the Health Service Unit. Temperatures will be taken twice daily and symptomatic inmates will be accessed accordingly. There will be no offender movement in or out of the Camp, this includes all work details outside Camp confines.

Please observe infection prevention and control measures including sanitizing frequently touched surfaces, frequent hand washing, avoiding noticeably ill inmates, and covering your cough using a tissue. Please report the following symptoms including fever, cough or shortness of breath.

COVID-19 is a respiratory illness spread from person to person through the respiratory droplets of an infected person.  There is no vaccine or antiviral medication to treat this disease, prevention is key.

PLATTEN, DONALD 73323004

73323-004

Donnie-Palase
P.O. BOX 2000
Federal Correctional Institute
Joint BASE MDL
FORT DIX, NJ 08640
United States

06 APR 2020 PM 5 L

Att:
Court
Clerk

United States District Court.
Honorable Donald M. Middlebrook
701 Clematis St.
Room 402
West Palm Beach
Florida.
33401

33401-511202