**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

Case No.: 08-80148-MIDDLEBROOKS

UNITED STATES OF AMERICA,

    Plaintiff,

v.

DONALD PLATTEN,

    Defendant.

_____/

**ORDER GRANTING COMPASSIONATE RELEASE**

THIS CAUSE is before the Court upon a Motion for Compassionate Release[1] filed by *pro se* Defendant Donald Platten on April 9, 2020. (DE 148). Plaintiff, the United States of America, responded on April 13, 2020. (DE 151). As required by an Order of the Court (DE 152), the Government filed an amended response on April 16, 2020. (DE 153). For the following reasons, Defendant's Motion is granted.

**I.    BACKGROUND**

On August 21, 2009, a jury convicted Defendant of conspiracy, securities fraud, and obstruction of the internal revenue laws. (DE 63). Defendant was subsequently sentenced to 262 months imprisonment. (DE 105). Defendant has served over ten years of his sentence. (DE 148 at 2). He is set to be released on April 23, 2028. *See* Federal Bureau of Prisons, Inmate Locator, available at http://www.bop.gov /iloc2/LocateInmate.jsp.

---

[1] The full title of the Motion is "Emergency Motion for Release Pursuant to the Enactment of the Cares Act and Compassionate Release Provisions as Amended by the Frst [sic] Step Act." (DE 148).

Defendant is 69 years old. (DE 148 at 1). He suffers from prostate cancer, which has spread to his pelvis, and a heart condition, which required surgery and the placement of three stints. (DE 148 at 1). Defendant has also had multiple surgeries for blockage of his urethra. (DE 148-2).[2] In the present Motion, Defendant seeks compassionate release so as to lessen his chances of contracting the COVID-19 virus, which has serious and potentially lethal consequences for individuals of his age and medical background.[3]

## II. LEGAL STANDARD

The compassionate release provision of 18 U.S.C. § 3582(c), as amended by the First Step Act of 2018, provides, in pertinent part, that "the court . . . upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment . . . if it finds that extraordinary and compelling reasons warrant such a reduction" and if "such reduction is consistent with applicable policy statements issued by the Sentencing Commission[.]" 18 U.S.C. § 3582(c)(1)(A)(i); First Step Act of 2018, Pub. L. 115-391, § 603(b), 132 Stat. 5194, 5239. Before granting compassionate release, the Sentencing Commission directs courts to consider when a defendant poses "a danger to the safety of any other person or to the community." U.S.S.G. § 1B1.13.

---

[2] Plaintiff's alleged medical issues have been confirmed through consultation with Kenneth Vert, AUSA, and my independent review of records furnished by the Bureau of Prisons.

[3] *See* CDC, *Coronavirus Disease 2019 (COVID-19), People who are at higher risk for severe illness*, March 26, 2020, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-at-higher-risk.html.

### III. DISCUSSION

#### A. Exhaustion of Administrative Remedies

The Government argues that compassionate release is not appropriate as Defendant has not exhausted administrative remedies. Defendant filed a motion with the Bureau of Prisons on March 24, 2020. Section § 3582(c)(1)(A) allows the Bureau of Prisons 30 days to process such requests. Therefore, as 30 days have not yet elapsed, it appears that Defendant has indeed failed to exhaust administrative remedies. However, this failure does not necessarily foreclose Defendant's entitlement to compassionate release.

Although § 3582(c)(1)(A) plainly imposes an administrative exhaustion requirement, the United States Supreme Court has held that, even in such circumstances, an exception exists where "the interests of the individual weigh heavily against requiring administrative exhaustion." *See McCarthy v. Madigan*, 503 U.S. 140, 146 (1992); *see also Washington v. Barr*, 925 F.3d 109, 118 (2d Cir. 2019) ("Even where exhaustion is seemingly mandated by statute . . . , the requirement is not absolute."). One such exception exists where "requiring resort to the administrative remedy may occasion undue prejudice to subsequent assertion of a court action. Such prejudice may result, for example, from an unreasonable or indefinite timeframe for administrative action." *McCarthy*, 503 U.S. at 146–47 (1992).

The COVID-19 virus is highly contagious and can be spread even by asymptomatic carriers.[4] The virus is "spread mainly from person-to-person . . . [b]etween people who are in close contact with one another . . . [t]hrough respiratory droplets produced when an infected person

---

[4] Marco Cascella *et al.*, Features, *Evaluation and Treatment Coronavirus (COVID-19)*, National Center for Biotechnology Information ("NCBI"), March 20, 2020, https://www.ncbi.nlm.nih.gov/books/NBK554776/#_ncbi_dlg_citbx_NBK554776.

coughs or sneezes."[5] "Courts around the country have recognized that the risk of COVID-19 to people held in jails and prisons 'is significantly higher than in the community, both in terms of risk of transmission, exposure, and harm to individuals who become infected.'" *See United States v. Williams,* 2020 WL 1751545, at *2 (N.D. Fla. Apr. 1, 2020) (quoting *Basank v. Decker*, --- F. Supp. 3d ---, 2020 WL 1481503, at *3 (S.D.N.Y. March 26, 2020), and citing *United States v. Harris*, --- F. Supp. 3d ---, 2020 WL 1503444, at ¶ 7 (D.D.C. Mar. 27, 2020)); *United States v. Campagna*, 2020 WL 1489829, at *2 (S.D.N.Y. Mar. 27, 2020); *Castillo v. Barr*, 2020 WL 1502864, at *2 (C.D. Cal. Mar. 27, 2020); *United States v. Kennedy*, 2020 WL 1493481, at *2-3 (E.D. Mich. Mar. 27, 2020); *United States v. Garlock*, 2020 WL 1439980, at *1 (N.D. Cal. Mar. 25, 2020)).

I find that given this unprecedented virus, it would unduly prejudice the Defendant to require him to exhaust administrative remedies. Each day that Defendant spends in confinement, he is at a heightened risk of contracting the COVID-19 virus. Delaying a ruling on Defendant's motion until such time as the Bureau of Prisons can consider his circumstances and take action would be unreasonable and would expose Defendant to unnecessary risk. Accordingly, I find that it is appropriate to allow Defendant to proceed despite his failure to exhaust administrative remedies.

### B. Compassionate Release Based on Defendant's Medical Conditions

As I am not procedurally foreclosed from granting compassionate release, I must now consider whether Defendant has displayed an extraordinary and compelling reason sufficient to justify release. Application Note 1 of Section 1B1.13 of the Sentencing Guidelines describes

---

[5] *See CDC, Coronavirus Disease 2019 (COVID-19), How It Spreads*, March 4, 2020, https://www.cdc.gov/coronavirus/2019-ncov/prepare/transmission.html.

"extraordinary and compelling reasons" for release as including certain medical conditions, advanced age, certain family circumstances, or some "other" reason "[a]s determined by the Director of the Bureau of Prisons." The Note specifies that "a serious physical or medical condition . . . that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover" constitutes an "extraordinary and compelling reason" justifying compassionate release. U.S.S.G. 1B1.13.

I find that Defendant has demonstrated extraordinary and compelling reasons justifying his immediate release under Section 3582(c)(1)(A) and U.S.S.G. § 1B1.13. Defendant's serious and substantial preexisting medical issues, combined with his age, place him at increased risk of severe illness if he contracts COVID-19. *See United States v. Rodriguez*, No. 2:03-cr-271, Doc. # 135 at 2 (E.D.P.A. Apr. 1, 2020) (granting compassionate release because for a diabetic inmate, "nothing could be more extraordinary and compelling than this pandemic"). As the COVID-19 pandemic continues to pose a substantial threat to individuals across this country, with thousands of Americans dying each week,[6] I find that Plaintiff will be able to substantially reduce his risk of contracting this virus by sheltering in his home.

I also find that based on the nature of Defendant's crime, he is not a danger to the safety of any other person or to the community, and thus the factors set forth in 18 U.S.C. § 3553(a) weigh in favor of his release.

---

[6] *See CDC, Coronavirus Disease 2019 (COVID-19), Provisional Death Counts for Coronavirus Disease*, April 17, 2020, https://www.cdc.gov/coronavirus/2019-ncov/prepare/transmission.html.

IV. **CONCLUSION**

Based upon the foregoing, and after careful consideration of the Parties' written submissions, the record, and applicable law, I find that it is appropriate to grant Defendant's request for compassionate release. Accordingly, it is hereby

**ORDERED and ADJUDGED** that:

1. Defendant Donald Platten's Motion for Compassionate Release (DE 148) is **GRANTED**.

2. Defendant's sentence of imprisonment is hereby reduced to time served, effective immediately. Upon release from imprisonment, Defendant shall comply with all standard conditions of supervised release with the following additional special condition:

   Home Detention with Electronic Monitoring - The defendant shall participate in the Home Detention Electronic Monitoring Program for a period of **TWELVE (12) MONTHS**. During this time, the defendant shall remain at his place of residence except for employment, religious observances, medical appointments and other activities approved in advance and provide the U.S. Probation Officer with requested documentation. The defendant shall maintain a telephone at his place of residence without 'call forwarding', 'call waiting', a modem, 'caller ID', or 'call back/call block' services for the above period. The defendant shall wear an electronic monitoring device and follow the electronic monitoring procedures as instructed by the U.S. Probation Officer. The defendant shall pay for the electronic monitoring equipment at the prevailing rate or in accordance with ability to pay.

   All previous conditions imposed in the judgment and commitment order remain in full force and effect. (DE 105).

3. Defendant must report in person to the United States Probation Office within 72 hours of his release.

**SIGNED** in Chambers at West Palm Beach, Florida, this 17th day of April, 2020.

_____
DONALD M. MIDDLEBROOKS
UNITED STATES DISTRICT JUDGE

CC: Counsel of record;

Donald Platten
73323-004
Fort Dix
Federal Correctional Institution
Inmate Mail/Parcels
Post Office Box 2000
Joint Base MDL, NJ 08640
PRO SE